THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN ROMÁN ET AL., Defendants and Appellants.

No. 9504. Argued June 25, 1942.—Decided June 26, 1942.

*Alfonso Lastra Chárriez* for appellants. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney, Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan Román and Gertrudis López were prosecuted for, and convicted of, adulterating milk.

Juan Ramos Rivera, health inspector, testified that he knew the defendants, one of whom, Román, on November 13, 1941, was the owner of a milk stall in Río Piedras, the other defendant being a clerk in said stall; that at about half past six in the morning of said day, the shop refrigerator was being made ready for putting in certain milk, and he took a sample from the latter which turned out to be adulterated. The stall was an open, public establishment, and the milk was presumably intended for sale to the public. Just as he arrived at the milk stall, the bus which had delivered the milk was leaving.

Gabriel A. Menéndez corroborated the testimony of Ramos Rivera, and specifically stated that the samples had been

taken from a can (*purrón*) found in the refrigerator, adding that both defendants were engaged in selling milk at the stall.

The defendants testified in their own behalf. Román, the owner of the stall, did not deny that a sample of the milk had been taken or that it turned out to be adulterated. His explanation was that he did not sell any of the milk from which the sample had been taken because "(I) had given instructions that, as soon as samples were taken, none of that milk should be sold, as I had doubts about such milk."

The other defendant, the clerk, corroborated the statements of the owner.

The court was asked to reconsider its judgment, but it refused to do so, thus:

"The testimony of Gertrudis López showed that both defendants kept for sale milk which turned out to be adulterated. The instructions received by López from Román were to the effect that the former should sell the milk unless a sample were taken by some health inspector. It is true that the milk was not sold, and there is no evidence that it had been offered to any purchaser. But it was indeed shown that the milk was kept for sale, and this is punished by the statute. In the case of *People v. Andino,* 21 P.R.R. 211, it does not appear that there was any evidence to prove that the milk was kept for sale, and for that reason the case is inapposite."

An appeal has been taken and the case of *People v. Andino,* 21 P.R.R. 211, is relied on in seeking a reversal of the judgment.

The appellants are not right. The present case is different from that of Andino. Here the milk was received and accepted and placed in the refrigerator to be sold for human consumption. It was adulterated and but for the inspector's visit, it would have been sold. The law punishes the sale, offering, or keeping for sale, of adulterated milk.

It is an established rule that milk found in a milk stall is presumed to be intended for sale. *People v. Pérez,* 23

P.R.R. 815. It is the duty of vendors of milk to see to it that they do not sell adulterated milk. *People* v. *Cartagena*, 37 P.R.R. 428.

Here the owner of the stall failed to discharge that duty. The instructions which he had issued, instead of aiding him in his defense, reveal a line of conduct which is contrary to the doctrine laid down in *People* v. *Cartagena, supra.*

The appeal must be overruled and the judgment appealed from affirmed.

Mr. Justice Travieso did not participate herein.